PCM: USAO# 2015R00740

2017 DEC 13 PM 3:55

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * CRIMINAL NO. RDB-16-0087 |
| v. | * |
| | * (Conspiracy to Commit Hobbs Act Robbery, |
| | * 18 U.S.C. § 1951(a); Hobbs Act Robbery, 18 |
| | * U.S.C. § 1951(a); Attempted Hobbs Act |
| WILLIAM MCFADDEN, | * Robbery, 18 U.S.C. § 1951(a); Using, |
| | * Carrying, and Brandishing a Firearm During |
| Defendant | * and In Relation To a Crime of Violence, 18 |
| | * U.S.C. § 924(c); Possession of Firearm and |
| | * Ammunition by a Felon, 18 U.S.C. |
| | * § 922(g)(1); Aiding and Abetting, 18 U.S.C. |
| | * § 2) |
| | * |

## SUPERSEDING INDICTMENT

## COUNT ONE

The Grand Jury for the District of Maryland charges that:

1. At all times relevant to this Indictment, Jack's Fine Foods located at 4519 Kenwood Avenue, Baltimore, 21206 ("Fine Foods") was a business engaged in interstate commerce.

2. At all times relevant to this Indictment, the Erdman BP Gas Station located at 4901 Erdman Avenue, Baltimore, 21205 ("Erdman BP") was a business engaged in interstate commerce.

3. At all times relevant to this Indictment, the Mobile Gas Station located at 10625 Connecticut Avenue, Kensington 20895 ("Mobile") was a business engaged in interstate commerce.

4. At all times relevant to this Indictment, America's Cash Express located at 5500

Sinclair Lane, Baltimore 21206 ("Cash Express") was a business engaged in interstate commerce.

5. At all times relevant to this Indictment, the BP Gas Station located at 1001 Pulaski Highway, Havre De Grace 21078 ("BP") was a business engaged in interstate commerce.

6. At all times relevant to this Indictment, the Exxon Gas Station located at 7619 Greenbelt Road, Greenbelt 20770 ("Exxon") was a business engaged in interstate commerce.

7. Beginning at a date unknown to the Grand Jury, but no later than in or around October 2015, and continuing to on or about November 22, 2015, in the District of Maryland and elsewhere, the defendant,

## WILLIAM MCFADDEN,

did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to obstruct, delay, and affect commerce, and attempt to obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, by robbery, as that term is defined in Title 18, united States Code, Section 1951, in that the defendants agreed to take and obtain money and property from the person and presence of employees at Fine Foods, Erdman BP, Mobile, Cash Express, BP and the Exxon, against the employees' will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employees by threatening serious physical injury and death to said employees.

18 U.S.C. § 1951(a)

## COUNT TWO

(Hobbs Act Robbery: Fine Foods)

The Grand Jury for the District of Maryland further charges that:

1. The allegations of paragraph 1 of Count One are incorporated by reference as if fully restated herein.

2. On or about October 14, 2015, in the District of Maryland, the defendant,

**WILLIAM MCFADDEN,**

did knowingly obstruct, delay, and affect commerce, and attempt to obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant unlawfully did take and obtain money and property from the person and presence of an employee at the Fine Foods against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee by threatening serious physical injury and death to said employee.

18 U.S.C. § 1951(a)

18 U.S.C. § 2

## COUNT THREE

(Using, Carrying, and Brandishing Firearm: Fine Food)

The Grand Jury for the District of Maryland further charges that:

On or about October 14, 2015, in the District of Maryland, the defendant,

## WILLIAM MCFADDEN,

knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Interference with Commerce by Robbery in violation of Title 18, United States Code, Section 1951(a) as alleged in Count Two of this Indictment.

18 U.S.C. § 924(c)

18 U.S.C. § 2

# COUNT FOUR

(Hobbs Act Robbery: Erdman BP)

The Grand Jury for the District of Maryland further charges that:

1. The allegations of paragraph 2 of Count One are incorporated by reference as if fully restated herein.

2. On or about October 28, 2015, in the District of Maryland, the defendant,

## WILLIAM MCFADDEN,

did knowingly obstruct, delay, and affect commerce, and attempt to obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant unlawfully did take and obtain money and property from the person and presence of an employee at the Erdman BP against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee by threatening serious physical injury and death to said employee.

18 U.S.C. § 1951(a)

18 U.S.C. § 2

## COUNT FIVE

(Using, Carrying, and Brandishing Firearm: Fine Food)

The Grand Jury for the District of Maryland further charges that:

On or about October 28, 2015, in the District of Maryland, the defendant,

## WILLIAM MCFADDEN,

knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Interference with Commerce by Robbery in violation of Title 18, United States Code, Section 1951(a) as alleged in Count Four of this Indictment.

18 U.S.C. § 924(c)

18 U.S.C. § 2

## COUNT SIX

(Hobbs Act Robbery: Mobile Gas)

The Grand Jury for the District of Maryland further charges that:

1. The allegations of paragraph 3 of Count One are incorporated by reference as if fully restated herein.

2. On or about October 30, 2015, in the District of Maryland, the defendants,

## WILLIAM MCFADDEN,

did knowingly obstruct, delay, and affect commerce, and attempt to obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant unlawfully did take and obtain money and property from the person and presence of an employee at the Mobile Gas against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee by threatening serious physical injury and death to said employee.

18 U.S.C. § 1951(a)

18 U.S.C. § 2

## COUNT SEVEN

(Using, Carrying, and Brandishing Firearm: Mobile Gas)

The Grand Jury for the District of Maryland further charges that:

On or about October 30, 2015, in the District of Maryland, the defendant,

## WILLIAM MCFADDEN,

knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Interference with Commerce by Robbery in violation of Title 18, United States Code, Section 1951(a) as alleged in Count Six of this Indictment.

18 U.S.C. § 924(c)

18 U.S.C. § 2

## COUNT EIGHT

(Attempted Hobbs Act Robbery: Cash Express)

The Grand Jury for the District of Maryland further charges that:

1. The allegations of paragraph 4 of Count One are incorporated by reference as if fully restated herein.

2. On or about November 6, 2015, in the District of Maryland, the defendant,

### WILLIAM MCFADDEN,

did knowingly attempt to obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant unlawfully did attempt to take and obtain money and property from the person and presence of an employee at the Cash Express against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee by threatening serious physical injury and death to said employee.

18 U.S.C. § 1951(a)

18 U.S.C. § 2

# COUNT NINE

(Using, Carrying, and Brandishing Firearm: Cash Express)

The Grand Jury for the District of Maryland further charges that:

On or about November 6, 2015, in the District of Maryland, the defendant,

## WILLIAM MCFADDEN,

knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Attempted Interference with Commerce by Robbery in violation of Title 18, United States Code, Section 1951(a) as alleged in Count Eight of this Indictment.

18 U.S.C. § 924(c)

18 U.S.C. § 2

## COUNT TEN

(Hobbs Act Robbery: BP)

The Grand Jury for the District of Maryland further charges that:

1. The allegations of paragraph 5 of Count One are incorporated by reference as if fully restated herein.

2. On or about November 8, 2015, in the District of Maryland, the defendant,

## WILLIAM MCFADDEN,

did knowingly obstruct, delay, and affect commerce, and attempt to obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant unlawfully did take and obtain money and property from the person and presence of an employee at the BP against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee by threatening serious physical injury and death to said employee.

18 U.S.C. § 1951(a)

18 U.S.C. § 2

## COUNT ELEVEN

(Using, Carrying, and Brandishing Firearm: BP)

The Grand Jury for the District of Maryland further charges that:

On or about November 8, 2015, in the District of Maryland, the defendant,

### WILLIAM MCFADDEN,

knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Interference with Commerce by Robbery in violation of Title 18, United States Code, Section 1951(a) as alleged in Count Ten of this Indictment.

18 U.S.C. § 924(c)

18 U.S.C. § 2

## COUNT TWELVE

(Hobbs Act Robbery: Exxon)

The Grand Jury for the District of Maryland further charges that:

1. The allegations of paragraph 6 of Count One are incorporated by reference as if fully restated herein.

2. On or about November 22, 2015, in the District of Maryland, the defendant,

## WILLIAM MCFADDEN,

did knowingly obstruct, delay, and affect commerce, and attempt to obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant unlawfully did take and obtain money and property from the person and presence of an employee at the Exxon against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee by threatening serious physical injury and death to said employee.

18 U.S.C. § 1951(a)

18 U.S.C. § 2

## COUNT THIRTEEN

(Using, Carrying, and Brandishing Firearm: Exxon)

The Grand Jury for the District of Maryland further charges that:

On or about November 22, 2015, in the District of Maryland, the defendant,

**WILLIAM MCFADDEN,**

knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Interference with Commerce by Robbery in violation of Title 18, United States Code, Section 1951(a) as alleged in Count Twelve of this Indictment.

18 U.S.C. § 924(c)

18 U.S.C. § 2

## COUNT FOURTEEN

(Possession of Firearm by a Prohibited Person)

On or about November 22, 2015, in the District of Maryland, the defendant,

**WILIAM MCFADDEN,**

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess a firearm, to wit: Ordnance West Hurley Model 1911, Caliber .45 automatic pistol, serial number AOC2307, and ammunition, in and affecting interstate commerce.

18 U.S.C. § 922(g)(1)

# FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further charges that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), as a result of the defendant's convictions under Count Fourteen of this Indictment, the defendant,

## WILLIAM MCFADDEN,

shall forfeit to the United States the firearm and ammunition involved in the commission of the offense, to wit: Ordnance West Hurley Model 1911, Caliber .45 automatic pistol, serial number AOC2307.

18 U.S.C. § 924(d)

28 U.S.C. § 2461(c)


_Stephen M. Schenning_ /pmc
Stephen M. Schenning
Acting United States Attorney


A TRUE BILL

**SIGNATURE REDACTED**         12-19-17

Foreperson                     Date